475 F.2d 748
 Anthony T. LEE et al., Plaintiffs, United States of America,
Plaintiff-Intervenor and Amicus Curiae-Appellant,
National Education Association, Inc.,
Plaintiff-Intervenor,
v.
MACON COUNTY BOARD OF EDUCATION et al., Defendants, Troy
City Board of Education et al., Defendants-Appellees.
 No. 72-1040.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 27, 1973.
 
 Ira DeMent, U. S. Atty., Montgomery, Ala., David L. Norman, Acting Asst. Atty. Gen., Solomon S. Seay, Montgomery, Ala., John Scott, Brian K. Lands-berg, U. S. Dept. of Justice, Washington, D. C., for appellant.
 Oliver Brantley, Troy, Ala., for appellees.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 A desegregation plan for the public school system in the City of Troy, Alabama, was approved by a three judge district court on June 12, 1970, and affirmed on appeal to this court. Lee v. City of Troy Board of Education, 5 Cir., 1970, 432 F.2d 819. Under the provisions of this plan, there were to be three elementary schools: (i) Troy Elementary with grades 1-4; (ii) the Laboratory School, formerly an appendage of Troy State University, with grades 1-4; and (iii) Oakland Heights, an all-black elementary school located "deep in the heart of a predominantly Negro residential area" for grades 1-3.
 
 
 2
 At the time of our first decision in this case we were aware of the fact that the city's use of the Laboratory School facility was only temporary. See 432 F.2d 821 n. 7. When Troy State University reclaimed its facilities at the end of the 1970-71 school year, it became necessary for the school to be housed in the Old Troy Junior High building, which happened to be within the attendance zone for Oakland Heights. Because of this overlapping of schools, the United States moved the district court for supplemental modification of the plan.
 
 
 3
 Due to the temporary nature of the use of this building, the district court below declined to further modify the plan. The United States appealed. We affirm.
 
 
 4
 Our review of the case convinces us that the City of Troy Board of Education is moving expeditiously to relocate the Laboratory School within its original attendance zone under the requirements of the plan which we previously approved.[1] It also plans to raze the current Troy Elementary school building and rebuild a new facility on the same site.
 
 
 5
 Construction of these new facilities has been too long delayed by this impending litigation.[2] By affirming the order of the court below, which merely declined to tamper with a plan which had already survived the rigors of an industrious three judge district court and a panel of this court on review, we express our hopes that the progress of education in the City of Troy will hereafter be swift and unimpeded. With a fair and viable unitary school system functioning, perhaps the people of Troy can now be free to focus on the salutary and unitary duty of providing a quality education for all of their children.
 
 
 6
 Affirmed.
 
 
 
 [1]
 All three of the contingent sites for the school are adjacent to the campus of Troy State University and clearly within the attendance zones established by the plan
 
 
 [2]
 Most-if not all-of the costs of these new facilities are to be defrayed by a generous grant from the estate of former Alabama Governor Charles Henderson. Haste is required in the disposition of the matter, however, since the funds must-according to the terms of the will-be utilized in calendar 1973 or forfeited. We lament our overly-long delay in handling the case. We hope that the new educational facilities can now be constructed without further delay or complications